IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| CURTIS G. COPELAND, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> TEXAS DEPARTMENT OF CRIMINAL § <br> JUSTICE, *et al.*, § <br> § <br> Defendants. § | CIVIL ACTION NO.  5:20-CV-00100-RWS-CMC |

## ORDER

Plaintiff Curtis G. Copeland, an inmate proceeding *pro se*, filed the above-styled and numbered civil action complaining of alleged violations of his constitutional rights.  The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636.

The Magistrate Judge ordered Copeland to amend his complaint to set out a short and plain statement of his claim, as required by Fed. R. Civ. P. 8 and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Copeland's amended complaint named defendants at eight different TDCJ units, including the McConnell, Allred, Michael, Hughes, Telford, Connally, Darrington and Estelle Units, and covered a period of time from October of 2012 to the present.  He listed five global allegations of wrongdoing and linked the defendants to these allegations by number.

After review of the pleadings, the Magistrate Judge issued a Report recommending the lawsuit be dismissed without prejudice for failure to state a claim. The Magistrate Judge determined Copeland's claims involving the McConnell, Allred, Michael and Hughes Units, as well as his claims against Classification Director Joni White, were barred by the statute of limitations, and his claims involving the Connally, Darrington and Estelle Units were brought in a

court of improper venue because none of these units are located within the Eastern District of Texas.  Copeland's claims against the Telford Unit named only two unidentified defendants and were wholly conclusory, and his claims against TDCJ Executive Director Bryan Collier likewise failed to state a claim upon which relief may be granted.

In his objections to the Report, Copeland discusses his access to indigent supplies and states he has no legal education.  He says he has sought legal representation and states he believed the venue was proper because everything took place within TDCJ-CID.  Copeland asserts his wish to receive monetary damages for abuse caused by TDCJ not following its own policies, adding that it is his desire to change the prison policies to bring about reform in the justice system so as to stop abuse and oppression.  He contends TDCJ Executive Director Bryan Collier is liable under a theory of municipal liability because the prison policies show a deliberate or conscious choice, although he also complained prison officials were not following the prison policies.

Copeland's objections are without merit.  The Magistrate Judge correctly determined that a number of Copeland's claims are barred by the statute of limitations and that Copeland's complaints regarding the Connally, Darrington and Estelle Units were brought in a court of improper venue.  The Magistrate Judge further correctly concluded Copeland's allegations concerning the Telford Unit failed to state a claim upon which relief may be granted.  As the Magistrate Judge properly observed, claims that prison officials failed to follow their own policies do not set out constitutional violations.  *Edwards v. Johnson*, 209 F.3d 772, 779 (5th Cir. 2000).  While Copeland also appears to complain of the policies themselves, he does not specifically identify any policies causing a constitutional violation, much less show that any such policies were adopted with deliberate indifference to the constitutional rights of the prisoners.  *See Snyder v. Trepagnier*, 142 F.3d 791, 795-96 (5th Cir. 1998).

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which Copeland objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The Court has determined that the Report of the Magistrate Judge is correct and Copeland's objections are without merit. It is accordingly

**ORDERED** that Copeland's objections are overruled and the Report of the Magistrate Judge (Docket No. 28) is **ADOPTED** as the opinion of the Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted and as brought in a court of improper venue.

**SIGNED this 1st day of March, 2021.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE